**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING GOVERNMENT'S** |
| | ) | **MOTION FOR INQUIRY INTO** |
| vs. | ) | **POTENTIAL CONFLICT OF INTEREST** |
| | ) | |
| Michael L. Fisher, | ) | |
| Amiel Schaff, and Fisher Sand and | ) | |
| Gravel Co., Inc., | ) | Case No. 1:08-cr-026 |
| | ) | |
| Defendants. | ) | |

Before the Court is the Government's "Motion for Inquiry into Potential Conflict of Interest," filed on June 5, 2008. See Docket No. 23. The Government requests that the Court conduct an inquiry of defendants Michael L. Fisher and Amiel Schaff with respect to defense attorney Timothy Purdon's current representation of defendant Amiel Schaff and Purdon's prior representation of Michael Fisher. The record reveals that prior to Purdon's representation of Schaff in this case, Purdon represented Fisher on a misdemeanor charge of driving under the influence (DUI) seven years ago. The Government contends that Purdon's prior representation of Fisher in an unrelated case creates a potential conflict of interest.

The Eighth Circuit has recognized that there is no affirmative duty to conduct an inquiry to determine potential conflicts of interest in cases of successive representation, and that the last sentence of Rule 44(c) of the Federal Rules of Criminal Procedure "establishes a suitable framework for the district court's exercise of responsibility in assessing possible conflicts . . . ." United States v. Agosto, 675 F.2d 965, 970 (8th Cir. 1982). The pertinent portion of Rule 44(c)(2) provides, "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel."

Schaff contends that there is no conflict of interest resulting from Purdon's prior representation of Michael Fisher on a DUI charge because: (1) this criminal case is totally unrelated and involves allegations of tax fraud; (2) there is no actual and demonstrable adverse effect on this case from the successive representation; and (3) Purdon and the Vogel Law Firm have no client confidences from or about Michael Fisher from that previous representation. See Docket No. 29-2 (Declaration of Timothy Purdon), and Docket No. 29-3 (Declaration of Michael Fisher). The Government admits that Purdon's prior attorney-client relationship with Michael Fisher is unrelated to the present case, but argues that it is "possible" that a conflict may arise in the course of Purdon's continued representation of Schaff.

The Court expressly finds that there is good cause to believe that no conflict of interest is likely to arise as a result of Purdon's continued representation of defendant Amiel Schaff. Further, even if a potential conflict existed, defendants Fisher and Schaff have submitted declarations which make it clear that, after full disclosure, both are willing to waive any potential conflict and allow Purdon and the Vogel Law Firm to continue to represent defendant Schaff in this criminal case. The Government's request for an inquiry based on the "possibility" of a potential conflict of interest is unsupported by any evidence in the record. Further, even if there was a need to conduct a Rule 44(c) inquiry, the Court would allow Purdon and the Vogel Law Firm to continue their representation of defendant Schaff under the circumstances. There is simply no factual or legal basis to disqualify attorney Timothy Purdon or the Vogel Law Firm from this case.

After a thorough review of the record and relevant case law, the Court **DENIES** the Government's motion for inquiry into potential conflict of interest (Docket No. 23).

**IT IS SO ORDERED.**

Dated this 7th day of July, 2008.

                                      */s/  Daniel L. Hovland*
                                      Daniel L. Hovland, Chief Judge
                                      United States District Court