# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) | **AMENDED PROTECTIVE ORDER** |
| | ) | **ALLOWING LIMITED DISCLOSURE OF** |
| vs. | ) | **RETURN INFORMATION AND** |
| | ) | **GRAND JURY MATERIAL** |
| Micheal L. Fisher, Clyde Frank and | ) | |
| Fisher Sand and Gravel Co., Inc. | ) | Case No. 1:08-cr-026 |
| | ) | |
| Defendants. | ) | |

Pursuant to the authority afforded this Court by Title 26, United States Code, Section 6103(h)(4)(D) and Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure to authorize disclosure of tax return and return information and matters occurring before a grand jury, and by Rule16(d)(1) of the Federal Rules of Criminal Procedure to make appropriate orders with respect to any and all discovery and inspection of documents and tangible objects, and for good and sufficient cause,

IT IS HEREBY ORDERED that the attorney for the Government is authorized to disclose to all defendants and their counsel of record grand jury transcripts of statements of the organizational defendant, Fisher Sand and Gravel Co., Inc., which have been provided to Fisher Sand and Gravel Co., Inc. as of the date of this Order.

IT IS FURTHER ORDERED that the United States is authorized to disclose to defense counsel and the defendants "return" and "return information", in accordance with its discovery obligations pursuant to Federal Rule of Criminal Procedure 16 and Title 18, United States Code, Section 3500.

For purposes of this Order, "return" and "return information" shall be defined as set forth in Title 26, United States Code, Section 6103(b). For purposes of this Order, the grand jury transcripts of statements of the organizational defendant and "return" and "return information" shall be collectively referred to as the "Protected Discovery."

IT IS FURTHER ORDERED that the United States may disclose to defense counsel and the defendant additional return or return information subject to its continuing duty of disclosure pursuant to Federal Rule of Criminal Procedure 16(c) without making separate application to the Court.

IT IS FURTHER ORDERED that the United States shall provide to counsel of record for defendant Schaff the grand jury transcripts that have been provided to defendant Fisher Sand and Gravel as of the date of this Order. Counsel for defendant Micheal Fisher shall be permitted to retain copies of the grand jury transcripts of the organizational defendant provided to him by the United States.

IT IS FURTHER ORDERED that counsel for defendant Fisher Sand & Gravel Co., Inc. shall be permitted to make one copy of the discovery provided by the United States, including the Protected Discovery, and provide that copy to Tom Fisher, President of Fisher Sand and Gravel Co., Inc., who is located in the State of Arizona.

IT IS FURTHER ORDERED that counsel for defendant Micheal Fisher shall be permitted to make one copy of the discovery provided by the United States, including the Protected Discovery, and provide that copy to Micheal Fisher, who is located in Dickinson, North Dakota.

IT IS FURTHER ORDERED that counsel for defendant Amiel Schaff shall be permitted to make one copy of the discovery provided by the United States, including the Protected Discovery,

and provide that copy to Amiel Schaff, who is located in Dickinson, North Dakota.

IT IS FURTHER ORDERED that Tom Fisher, Micheal Fisher, and Amiel Schaff shall maintain the Protected Discovery in their sole custody. Tom Fisher, Micheal Fisher, and Amiel Schaff are prohibited from distributing, disseminating, or disclosing any Protected Discovery to any other person.

IT IS FURTHER ORDERED that counsel for the defendants are prohibited from distributing and disseminating the Protected Discovery to any person who is not part of the defense team and for any purpose other than preparing a defense of this case. The term "defense team," as used in this Order, means, for each defendant, the defendant; the defendant's counsel of record, including members, associates, paralegals and office staff of counsel of record's law firm; and investigators, experts and consultants hired by counsel of record to assist in the defense of this criminal case.

IT IS FURTHER ORDERED that if, in the course of preparing the defense in this case, counsel of record or any member of the defense team needs to disclose any Protected Discovery to any person outside of the defense team (such as to a third-party witness), counsel of record is permitted only to show Protected Discovery to such person and is not permitted to allow such person to retain any copies of any Protected Discovery.

IT IS FURTHER ORDERED that each counsel of record ensure that every member of the defense team and any third-party witness to whom Protected Discovery is shown is advised of this protective Order and agrees to be bound by its terms.

IT IS FURTHER ORDERED that defense counsel are prohibited from copying, distributing, disseminating, disclosing or exhibiting any Protected Discovery beyond that allowed by this Order without further order of the Court.

IT IS FURTHER ORDERED that with respect to any discovery provided by the United States in this case, said discovery shall be returned to the United States upon demand for destruction after the completion of the proceedings in this case. Upon demand for the return of discovery, defense counsel, Tom Fisher, Micheal Fisher, and Amiel Schaff shall not retain any copies, electronic or otherwise, of any discovery.

IT IS FURTHER ORDERED that the United States shall provide any additional grand jury transcripts discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500, to defense counsel no later than 30 days prior to the scheduled trial date. Such grand jury transcripts shall be subject to the provisions of this Order.

IT IS FURTHER ORDERED that nothing herein requires the government to provide discovery beyond what is required by the United States Constitution, the Jencks Act, 18 U.S.C. § 3500, Rule 16, Federal Rules of Criminal Procedure, the United States' standard discovery policy, and the Court's discovery orders.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2009.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge