IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 1:08-cr-026 |
| Plaintiff, ) | |
| ) | **ORDER GRANTING** |
| vs. ) | **A REQUEST FOR** |
| ) | **MODIFICATION OF THE** |
| Micheal L. Fisher, Amiel Clyde Frank, and ) | **PROTECTIVE ORDER** |
| Fisher Sand and Gravel Co., Inc., ) | |
| ) | |
| Defendants. ) | |

The attorney for defendant Fisher Sand and Gravel Co., Inc. has moved the court for an order permitting disclosure of grand jury, tax return, and other discovery information that is already the subject of court's amended protective order dated January 16, 2009, to counsel for Tom Fisher, the President of defendant Fisher Sand and Gravel Co. The Government opposes the motion.

To the extent that the Government objects to the disclosure of the tax return information for Fisher Sand and Gravel, Co. based on federal statute, the request by counsel for Fisher Sand and Gravel Co., Inc. that the material be disclosed to Tom Fisher's attorney is a sufficient waiver of any right of confidentiality of the corporation. In any event, the court concludes that disclosure is warranted under 26 U.S.C. § 6103(h)(4)(D) subject to the conditions set forth later herein, since it is obvious that the disclosure is in connection with a judicial proceeding, notwithstanding the Government's claims to the contrary. Further, the disclosure of the information benefits the corporation as well Fisher personally for reasons discussed next in connection with the disclosure of the discovery information.

With respect to the non-grand jury discovery information, the court has already entered its standard order for discovery, which, as pointed out in a prior order, was not objected to the

1

Government and which provides, among other things, for early disclosure of certain of the discovery information. And, since the material has already been made available to Tom Fisher as president of defendant Fisher Sand and Gravel, Co., the court has little trouble concluding that good cause exists for disclosure to his attorney within the meaning of Fed. R. Crim. P. 16(d)(1) provided the disclosure is subject to the conditions set forth later herein.

This is particularly true if Tom Fisher is going to be interviewed by the Government as the briefing suggests. Why, at that point, everyone in the room should have knowledge and access to the material, including Tom Fisher, but not his attorney, makes no sense. Is the Government suggesting that Tom Fisher cannot orally relay to his attorney what he has read and reviewed in the material already provide to him? And, if not, then what is the practical difference? Further, if an interview takes place and Tom Fisher is shown a protected document, is the Government suggesting that his attorney will not be able to look at it? Will he then have to leave the room anytime protected information is discussed? If Tom Fisher's attorney is going to present for the interview, it seems that the Government would want a protection order in place to facilitate the interview and to protect the Government from unauthorized disclosures.

Further, aside from any interview, the interest of Tom Fisher in not becoming another criminal defendant is not the only interest at stake. A corporate officer in Fisher's situation will likely have to deal with competing interests as this case progresses that include his duties to the defendant corporation. The ability to obtain confidential advice from private counsel will assist Fisher in dealing with these competing interests and properly fulfilling his duties to the defendant corporation. In that sense, the defendant corporation benefits from Fisher having counsel in addition to corporate counsel.

Also, counsel can assist in insuring that Fisher provides accurate information at all stages of the proceeding. Certainly, everyone benefits from accurate information being conveyed, including the Government.

Perhaps a closer question is the risk inherent in the further dissemination of the grand jury information, which the court is obligated to protect. Nevertheless, the same reasons expressed for allowing disclosure of the discovery information apply here as well in terms of balancing the competing interests and satisfying the requirements of Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, the Government has made no showing that Fisher's private counsel is untrustworthy, and the concerns of secrecy can reasonably be addressed by a modified protective order together with counsel's agreement to abide by it and consent to this court's jurisdiction for any violations and enforcement.

Based on the forgoing, the court will permit disclosure of the material that is already the subject of the existing protective order to counsel for Tom Fisher subject to counsel's execution of a properly worded agreement to abide by a further modified protective order that permits such disclosure along with a consent subjecting himself to the jurisdiction of this court for any violation and enforcement of the order.

The parties shall have five days to submit drafts of the appropriate documents to the court. Otherwise, the court will develop its own modified order and agreement and consent form for Fisher's counsel.

**IT IS SO ORDERED**.

Dated this 3rd day of March, 2009.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge